ter requires attention and direction. The sentence the trial court imposed followed a jury trial and, in accordance with the jury verdict, was for "confine[ment] in the county jail for a period of 60 days, and a fine in the amount of $2,000." The copy of the "Sentence and Judgment" included in the legal file does not reflect that sentence. It states the defendant was "found guilty upon a plea of guilty." It states the sentence imposed was a fine of $2,000.

██ This is a clerical mistake. Rule 29.12 gives the trial court authority to correct clerical mistakes in judgments and other parts of the record arising from oversight or omission. *State v. Box*, 956 S.W.2d 460, 463 (Mo.App.1997); *Brager v. State*, 625 S.W.2d 892, 895 (Mo.App.1981). That authority should be exercised in this case. Accordingly, the trial court is directed to enter a corrected judgment that properly reflects the trial proceedings and the sentence that was imposed. The judgment is affirmed with directions.

SHRUM, J., and RAHMEYER, C.J., concur.

■

Jennifer ROBINETT, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 61516.

Missouri Court of Appeals, Western District.

April 22, 2003.

Ruth Sanders, Kansas City, MO, for Appellant.

John M. Morris, III, Evan J. Buchheim, Co–Counsel, Jefferson City, MO, for Respondent.

Before HOWARD, P.J., LOWENSTEIN and HARDWICK, JJ.

## ORDER

PER CURIAM.

Jennifer Robinett appeals from a denial, without hearing, of her Rule 29.15 motion for postconviction relief in connection with her conviction for failure to appear, Section 544.665(1) RSMo 1994. Because counsel's recommendation that Robinett not testify on her own behalf was a reasonable trial strategy, the judgment is affirmed. Rule 84.16(b).

■

Rebecca L. RICE, Appellant,

v.

DIRECTOR OF REVENUE, Respondent.

No. WD 61501.

Missouri Court of Appeals, Western District.

April 22, 2003.

Jeffrey Eastman, Gladstone, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, John Munson Morris and David F. Barrett, Office of Attorney General, Jefferson City, for Respondent.

Before LISA WHITE HARDWICK, Presiding Judge, PATRICIA A. BRECKENRIDGE, Judge, and PAUL M. SPINDEN, Judge.

## ORDER

Rebecca L. Rice appeals the circuit court's judgment affirming the Director of Revenue's decision to revoke Rice's privilege to operate a motor vehicle. We affirm. Rule 84.16(b).

## Mark HAMMETT, Appellant,

v.

## STATE of Missouri, Respondent.

No. WD 61374.

Missouri Court of Appeals, Western District.

April 22, 2003.

Mark A. Grothoff, Esq., Columbia, MO, for Appellant.

John M. Morris, III, Esq., Jefferson City, MO, for Respondent.

Nicole E. Gorovsky, Esq., Jefferson City, MO, Co–Counsel for Respondent.

Before HOWARD, P.J., LOWENSTEIN and HARDWICK, JJ.

## ORDER

PER CURIAM.

This is an appeal from the trial court's denial of Mark Hammett's Rule 29.15 motion for post-conviction relief. Hammett, who was convicted after bench trial of first-degree murder, and armed criminal action, for stabbing to death Christina Kinder, claims that his trial counsel's decision not to call the victim's brother to testify amounted to ineffective assistance of counsel. The findings and conclusions of the trial court were not clearly erroneous. Rule 29.15(k). The judgment is affirmed. Rule 84.16(b).

## WARSAW LINCOLN AMBULANCE DISTRICT, Appellant,

v.

## DIVISION OF EMPLOYMENT SECURITY, Respondent,

Twin Lakes Enterprises, Inc., Defendant.

No. WD 61186.

Missouri Court of Appeals, Western District.

April 22, 2003.

Franklin E. Foster Jefferson City, MO, for appellant.

Marilyn G. Green Jefferson City, MO, for respondent.